UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS

| | |
|---|---|
| MIRROR FINISH PDR, LLC, and ) <br> WESLEY ADAM HUFF ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> COSMETIC CAR COMPANY ) <br> HOLDINGS, INC. COSMETIC CAR ) <br> COMPANY LLC; ) <br> MIDWEST DENT COMPANY; ) <br> AUTO DENTICIAN, INC., ) <br> CHARLES DANIEL BINKLEY, ) <br> ERIC STOKES and ANDY CLAWSON ) <br> ) <br> Defendants. ) | Case No: 3:20-cv-00440 <br><br> **JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

Comes now Defendant, Mirror Finish PDR, LLC, and Wesley Adam Huff, by and through their attorneys Donovan Rose Nester P.C., and for their <u>Amended</u> Complaint against Defendants, states as follows:

### ALLEGATIONS APPLICABLE TO ALL COUNTS

1. Plaintiff, Mirror Finish PDR, LLC ("Mirror Finish") is a Missouri LLC of which Wesley Huff is the sole member.

2. Plaintiff, Mirror Finish is a former member of a defunct Missouri LLC known as Carmed 45, LLC.

3. Plaintiff, Wesley Huff, is an Illinois citizen with his domicile located in Madison County, Illinois.

4. Defendant, Cosmetic Car Company ("CCC") is an Illinois LLC, with its principal place of business in Roxana, Illinois.

5. Plaintiff Auto Dentician, Inc. ("ADI") is a Utah corporation that is not registered to conduct business in the state of Illinois, but which operates in Illinois in violation of 805 ILCS 180/45-45.  Andy Clawson <u>is the sole shareholder of ADI</u>.

6. Plaintiff Midwest Dent Company ("MDC") is a Missouri Corporation that is not registered to conduct business in Illinois, but which operates in Illinois in violation of 805 ILCS 180/45-45.  Eric Stokes is the sole shareholder of MDC.

7. A Partnership known as Carmed 45 ("Carmed 45 Partnership") was formed in 2010 for the purpose of providing paintless dent repair services.  It was represented to Wesley Huff that he was a partner, along with CCC, ADI, <u>and MDI</u> in the Carmed 45 Partnership.

8. In 2012, the Carmed 45 Partnership was dissolved for reasons unknown to Plaintiffs.

9. Carmed 45 LLC, a Missouri LLC, was purportedly Organized on July 30, 2012, pursuant to public records.

10. Carmed 45, LLC, is now defunct.  Though it is technically still listed with the Missouri Secretary of State as "active," it has not conducted operations since 2015.

11. At all times, Defendants misrepresented to Mirror Finish that it had a valuable ownership interest in Carmed 45, LLC.

12. CCC, by and through Charles Daniel Binkley, had complete unilateral control over all aspects of Carmed 45, LLC.

13. The structure and operation of both the Carmed Partnership and Carmed 45, LLC, was in violation of numerous state and federal laws.

14. The Operating Agreement for Carmed 45, LLC, is null and void for being in violation of state and federal law.

15. Numerous other LLC's were subsequently formed, each of which had CCC as the Managing Member, and over each of which CCC maintained complete unilateral control.

16. Defendants misrepresented to Mirror Finish that it had a valuable ownership interest in entities known as CM49, LLC, CM55, LLC, and CM53, LLC.

17. Plaintiffs, Defendants and all other entities referenced herein are involved in the business of paintless dent removal.

18. Paintless dent removal is an automotive body repair technique that, put simply, involves popping dents out of car bodies in such a way as they do not require paint to repair.

19. Paintless dent removal is a common and well know process that is taught by numerous third party training entities that provide training to anyone that wishes to receive it.

20. While it operated, Carmed 45 LLC provided paintless dent repair services to known, ascertainable customers including car dealership and automotive body shops in St. Clair County, Illinois.

21. The LLC provided these paintless dent removal services solely by and through Mirror Finish LLC in a mobile format, traveling to customers' locations to perform paintless dent removal services on-site.  Carmed 45 LLC did not have a brick and mortar location where it provided services for regular consumers.

22. Mirror Finish, LLC, was constructively forced by Defendants to resign its membership in Carmed 45, LLC on March 31, 2015.

23. Subsequent to the constructive resignation of Mirror Finish, and the cessation of operations of Carmed 45 LLC, the Defendants conspired to pillage the customers of Carmed 45, LLC, and provide paintless dent repair services within the alleged Operations Area by and through other LLC's in which they have/had an ownership interest.

24. Defendants conspired to self-deal and deplete all entities in which Plaintiffs had an ownership interest of value to deprive Plaintiffs of their interest.

25. Defendants conspired to embezzle the assets and customers of all entities in which Plaintiffs had an ownership interest of value to deprive Plaintiffs of their interest.

26. At all times, Defendants perpetrated a fraud upon Plaintiffs in that they conspired to misrepresent the nature and value of Plaintiffs ownership interest in the CCC-related entities.

27. At all times, Defendants perpetrated a fraud upon Plaintiffs in that they conspired to deprive of Plaintiffs of the ownership interest and rightful income and benefits from said entities.

28. Subsequent to March 3, 2015, Defendants have conspired to harass Plaintiffs, their business affiliates and tortuously interfere with their customer relationships.

29. Defendants fraudulently induced Plaintiffs to enter into the above-referenced business relationship, under knowingly false pretenses, for the purpose of exploiting Wesley Huff for his labor, depriving him of the fruits of said labor and misappropriating his assets.

30. Defendants engaged in a common scheme to defraud and deprive Plaintiffs.

31. Defendants received zero value for their ownership interest in any of the CCC-related entities, including their initial investment.

32. Defendants have profited off their fraud to Plaintiffs' detriment.

33. Plaintiffs have been damaged as a result of Defendants' bad acts.

34. Wesley Huff and Mirror Finish did not discover Defendants fraudulent acts until subsequent to March 31, 2015.

## COUNT I
### Unjust Enrichment

Now Comes Plaintiffs, by and through their undersigned counsel, and for Count I of their Complaint, state as follows:

35. Plaintiffs re-allege and re-assert paragraphs 1 – 34 of their Complaint as if fully set forth herein.

36. Plaintiffs have realized zero value from the entire business arrangement with Defendants.

37. Defendants have been unjustly enriched to Plaintiffs' detriment.

38. Defendants' unjust enrichment is directly related to, and equal to, Plaintiffs' detriment.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendant in an amount in excess of $50,000.00 and for such other relief as this Court deems just and proper.

## COUNT II
### Fraud

Now Comes Plaintiffs, by and through their undersigned counsel, and for Count II of their Complaint, state as follows:

39. Plaintiffs re-allege and re-assert paragraphs 1 – 34 of their Complaint as if fully set forth herein.

40. Defendants made false statements of material fact as set forth fully herein.

41. Defendants knew that their statements were false and/or designed to be misunderstood or misinterpreted.

42. Defendants intended to deceive Plaintiffs.

43. Plaintiffs relied on Defendants' false statements.

44. Plaintiffs were damaged as a result of their reliance on Defendants' false statements.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendant in an amount in excess of $50,000.00 and for such other relief as this Court deems just and proper.

## COUNT III
**Breach of Fiduciary Duty**

Now Comes Plaintiffs, by and through their undersigned counsel, and for Count III of their Complaint, state as follows:

45. Plaintiffs re-allege and re-assert paragraphs 1 – 34 of their Complaint as if fully set forth herein.

46. At all times Defendants owed Plaintiffs a fiduciary duty.

47. Defendants breached their fiduciary duty.

48. Defendants breach of fiduciary duty proximately caused Plaintiffs' damages

49. Plaintiffs were damaged.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendant in an amount in excess of $50,000.00 and for such other relief as this Court deems just and proper.

## COUNT IV
**Tortious Interference with Contract**
**Dan Binkley, Eric Stokes and Andy Clawson**

Now Comes Plaintiffs, by and through their undersigned counsel, and for Count IV of their Complaint, state as follows:

50. Plaintiffs re-allege and re-assert paragraphs 1 – 34 of their Complaint as if fully set forth herein.

51. At all times Plaintiffs had a valid and enforceable membership interest in Carmed 45 LLC and other CCC-related entities.

52. Defendants were aware of said relationship.

53. The defendants intentionally and unjustifiably induced a breach of said business relationship.

54. The breach proximately caused Plaintiffs' damages

55. Plaintiffs were damaged.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendant in an amount in excess of $50,000.00 and for such other relief as this Court deems just and proper.

## COUNT V
### Fraudulent Inducement

Now Comes Plaintiffs, by and through their undersigned counsel, and for Count V of their Complaint, state as follows:

56. Plaintiffs re-allege and re-assert paragraphs 1 – 34 of their Complaint as if fully set forth herein.

57. Defendants made false statements of material fact as set forth fully herein.

58. Defendants knew that their statements were false and/or designed to be misunderstood or misinterpreted.

59. Defendants intended to deceive and induce Plaintiffs to enter into the business arrangements described herein.

60. Plaintiffs relied on Defendants' false statements.

61. Plaintiffs were damaged as a result of their reliance on Defendants' false statements.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendant in an amount in excess of $50,000.00 and for such other relief as this Court deems just and proper.

## COUNT VI
### Civil Conspiracy

Now Comes Plaintiffs, by and through their undersigned counsel, and for Count VI of their Complaint, state as follows:

62. Plaintiffs re-allege and re-assert paragraphs 1 – 34 of their Complaint as if fully set forth herein.

63. Defendants engaged in a common scheme to deceive and defraud Plaintiffs and deprive them of what was rightfully theirs.

64. Defendants agreed to engage in said scheme.

65. Said scheme had an unlawful purpose or was orchestrated to commit a lawful purpose by unlawful means.

66. Plaintiffs were damaged as a result of their reliance on Defendants' false statements.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendant in an amount in excess of $50,000.00 and for such other relief as this Court deems just and proper.

BY  /s Sean K. Cronin
SEAN K. CRONIN, #60375
Donovan Rose Nester, P.C.
15 N. Illinois Street
Belleville, Illinois  62220
scronin@drnpc.com
Phone: (618) 212-6500
Fax (618) 212-6501
**ATTORNEY FOR MIRROR FINISH PDR, LLC AND WESLEY ADAM HUFF**

**PROOF OF SERVICE**

      I hereby certify that on June 1, 2020, I electronically filed Plaintiffs' Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel of record:

Matthew J. Landwehr
Shaun C. Broeker
One US Bank Plaza
St. Louis, Missouri 63101
mlandwehr@thompsoncoburn.com
sbroeker@thompsoncoburn.com

**Attorneys for Defendants Cosmetic
Car Company Holdings. Inc., Cosmetic
Car Company, LLC, Midwest Dent
Company, Auto Dentician, Inc.,
Charles Daniel Binkley, Eric Stokes,
and Andy Clawson**

                                                         */s/ Sean K. Cronin*