UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS

| | |
|---|---|
| MIRROR FINISH PDR, LLC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Cause No. 3:20-cv-00440 |
| vs. ) | |
| ) | |
| COSMETIC CAR COMPANY ) | |
| HOLDINGS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Defendants Cosmetic Car Company Holdings, Inc., Cosmetic Car Company, LLC, Midwest Dent Company, Auto Dentician, Inc., Charles Daniel Binkley, Eric Stokes, and Andy Clawson, pursuant to FED. R. CIV. P. 12(b)(6), respectfully request that the Court grant this Motion to Dismiss Plaintiffs Wesley Huff and Mirror Finish PDR, LLC's Amended Complaint. In support, Defendants state:

1. On Apri 7, 2020, Plaintiffs filed this lawsuit against Defendants alleging claims for unjust enrichment, fraud, breach of fiduciary duty, fraudulent inducement, tortious interference with a contract, civil conspiracy, and violation of the Racketeer Influenced and Corrupt Organization Act ("RICO") in the Circuit Court of St. Clair County, Illinois, which Defendants removed on May 12, 2020.

2. Also, on May 12, 2020, Defendants filed a Rule 12(b) motion to dismiss all Plaintiffs claims because it is absolutely clear the claims are (1) are timed barred, (2) are barred by res judicata and collateral estoppel, and (3) suffer many other incurable pleading defects.

3. On June 1, 2020, Plaintiffs filed the Amended Complaint dropping the RICO claim but did not make any attempt *whatsoever* to correct the pleadings factual and legal

deficiencies. Essentially, Plaintiffs have decided to "double down" on their claims despite it being absolutely clear that those claims fail as a matter of law.

4. There is no doubt that Plaintiffs filed this frivolous lawsuit in retaliation for the lawsuit filed by Defendants Cosmetic Car Company, Midwest Dent Company, Auto Dentician along with Carmed 45 against Huff in the Circuit Court of St. Louis County, Missouri in February 2017 for Huff's violation of the non-compete and non-solicitation provisions in the Operating Agreement (the "Non-Compete Lawsuit").

5. Throughout the entire Non-Compete Lawsuit, Huff attempted to hide his non-compete violations by filing numerous motions and violating multiple court orders. This led to the court sanctioning Huff *twice*. Nearly two months ago, the Honorable Ellen Ribaudo entered a judgment against Huff for more than $700,000 that also enjoins him and his company, Mirror Finish, from engaging in PDR services in the St. Louis metropolitan area.[1]

6. Ignoring the retaliatory nature of this lawsuit, the Amended Complaint remains poorly pled. However, it can be adduced from Plaintiffs' conclusory allegations that while a member of Carmed 45, LLC, Defendants engaged in purportedly fraudulent and/or unlawful acts that damaged Plaintiffs membership interest or value in Carmed 45, LLC. This "constructively forced" Plaintiffs to resign from Carmed 45, LLC on March 31, 2015.

7. Plaintiffs' claims fail *collectively* because they (1) are based on events that transpired over five years prior to the filing of this lawsuit in violation of their respective statutes of limitations, and (2) were addressed or should have been addressed in the Non-Compete Lawsuit so Plaintiffs are estopped from asserting them in this lawsuit.

---

[1] A true and accurate copy of the Judgment is attached to the accompanying Memorandum in Support filed contemporaneously herewith as Exhibit C.

8. Plaintiffs' claims fail *independently* for the following reasons:

   a. The unjust enrichment claim (Count I) should be dismissed because it is based upon and relies upon the existence of a valid contract;[2]

   b. The breach of fiduciary duty claim (Count III) should be dismissed because LLC members do not owe fiduciary duties to other LLC members;

   c. The tortious interference with contract claim (Count IV) should be dismissed because a party cannot tortiously interfere with a contract to which they are a party;

   d. The fraudulent inducement claim (Count V) should be dismissed because it is based on a contract that Plaintiffs had a duty to read;

   e. The civil conspiracy claim (Count VI) should be dismissed because LLC members cannot conspire amongst each other and there is no valid supporting predicate tort;

9. Additionally, the Court should dismiss the Amended Complaint because all Plaintiffs' claims "sound in fraud," which requires them to meet the heightened pleadings standards set forth in FED. R. CIV. P. 9(b). *See also Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) ("A claim that 'sounds in fraud' — in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements.").

---

[2] A true and accurate copy of the Carmed 45 Operating Agreement and Carmed 45 Operating Agreement Amendment is attached to the accompanying Memorandum in Support filed contemporaneously herewith as Exhibits A and B.

10. Defendants also request the Court to award them attorneys' fees pursuant to Section 10.10 of the Operating Agreement.

11. For these reasons, and those described more fully in Defendants' Memorandum in Support filed contemporaneously herewith, the Court should grant Defendants' Motion to Dismiss the Amended Complaint.

WHEREFORE Defendants Cosmetic Car Company Holdings, Inc., Cosmetic Car Company, LLC, Midwest Dent Company, Auto Dentician, Inc., Charles Daniel Binkley, Eric Stokes, and Andy Clawson respectfully request that the Court dismiss the Amended Complaint of Plaintiffs Wesley Huff and Mirror Finish PDR, LLC with prejudice, award Defendants their attorneys' fees as set forth in Section 10.10 of the Operating Agreement, and grant such other relief as the Court deems just and proper.

Respectfully Submitted,

**THOMPSON COBURN LLP**

By: /s/ Shaun C. Broeker
    Matthew J. Landwehr, #6280426
    Shaun C. Broeker, #6315231
    One US Bank Plaza
    St. Louis, Missouri 63101
    314-552-6000
    314-552-7000 (facsimile)
    mlandwehr@thompsoncoburn.com
    sbroeker@thompsoncoburn.com

*Attorneys for Defendants Cosmetic Car Company Holdings, Inc., Cosmetic Car Company, LLC, Midwest Dent Company, Auto Dentician, Inc., Charles Daniel Binkley, Eric Stokes, and Andy Clawson*

- 5 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of June 2020, the foregoing was served on the following via the Court's electronic filing system and by electronic mail in PDF format:

Sean K. Cronin
Donovan Rose Nester, P.C.
15 N. Illinois Street
Belleville, Illinois 62220
scronin@drnpc.com
(618) 212-6500

*Attorney for Plaintiffs Mirror Finish PDR, LLC and Wesley Huff*

/s/ Shaun C. Broeker