UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS

| | | |
|---|---|---|
| MIRROR FINISH PDR, LLC, and | ) | |
| WESLEY ADAM HUFF | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No: 3:20-cv-00440 |
| | ) | |
| COSMETIC CAR COMPANY | ) | |
| HOLDINGS, INC. COSMETIC CAR | ) | |
| COMPANY LLC; | ) | |
| MIDWEST DENT COMPANY; | ) | |
| AUTO DENTICIAN, INC., | ) | |
| CHARLES DANIEL BINKLEY, | ) | |
| ERIC STOKES and ANDY CLAWSON | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO REMAND

Comes now Defendants, Mirror Finish PDR, LLC, and Wesley Adam Huff, by and through their attorneys Donovan Rose Nester P.C., and for their Motion to Remand pursuant to 28 U.S.C.A. 1447, states as follows:

## INTRODUCTION

Plaintiffs filed their Complaint against Defendants in St. Clair County Circuit Court on March 30, 2020.[1]

Defendants filed their Notice of Removal on May 12, 2020, pursuant to 28 U.S.C.A. 1331 and 1441, based on original jurisdiction.

Defendants filed a Motion to Dismiss Plaintiffs' Complaint on May 12, 2020.

---

[1] The state court Complaint was incorrectly and inadvertently file-stamped April 7, 2020. The Complaint was actually filed on March 30, 2020. The filing date has subsequently been corrected by the Circuit Clerk of St. Clair County.

Plaintiffs timely filed an Amended Complaint in this Court on June 1, 2020, pursuant to FRCP 15(a)(1)(B).

Plaintiffs' Amended Complaint alleges only Illinois state law claims.

Plaintiff moves this Court for an order of remand because the basis for removal was original jurisdiction, there are no longer any federal claims in this litigation, and remand best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.

## ARGUMENT

"In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A. § 1367(a) (West). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction [or] (3) the district court has dismissed all claims over which it has original jurisdiction…" *Id.* at 1367(c)

While federal jurisdiction is determined at the time of removal, the Seventh Circuit has consistently held that if all federal claims drop out of the case, there is a presumption in favor of remanding the case back to state court. *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.,* 599 F.3d 720, 727 (7th Cir.2010); *RWJ Mgmt. Co. v. BP Prod. N. Am., Inc.,* 672 F.3d 476, 478 (7th Cir. 2012); *See also Sullivan v. Conway,* 157 F.3d 1092, 1095 (7th Cir.1998)("[F]ederal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court, although if all the federal claims drop out before trial, even as a consequence of the plaintiff's own voluntary dismissal, the

district judge normally will relinquish jurisdiction over the state-law claim.") The Seventh Circuit follows the general rule that "when the federal claims are dismissed prior to trial, the district court should decline to exercise supplemental jurisdiction over the supplemental state law claims." *Bajorat v. Columbia–Breckenridge Development Corp.,* 944 Supp. 1371, 1383 (N.D.Ill.1996)(Reinhard, J.)(citing *Carr v. CIGNA Sec., Inc.,* 95 F.3d 544, 546–47 (7th Cir.1996); *see also Daimler Chrysler Corp., v. BFI Waste Systems of North America Inc.,* No. 01 C 50280, 2002 WL 1033100, at # 3 (7th Cir. May 21, 2002)("When the court disposes of all the federal claims before trial, relinquishing jurisdiction over pendent state law claims is the norm not the exception.") In order to retain jurisdiction a district court must "have good reason ... and must make specific findings as to the balance of judicial economy, convenience, fairness and comity ...." *Id.* (citing *Wright v. Associated Ins. Co., Inc.,* 29 F.3d 1244, 1257 (7th Cir.1994).

The presumption of relinquishment and remand is rebuttable, "but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *RWJ Mgmt. Co. v. BP Prod. N. Am., Inc.,* 672 F.3d 476, 479–80 (7th Cir. 2012); *Khan v. State Oil Co.,* 93 F.3d 1358, 1366 (7th Cir.1996); *see also Huffman v. Hains,* 865 F.2d 920, 923 (7th Cir.1989) ("[R]espect for the state's interest in applying its own law, along with the state court's greater expertise in applying state law, become paramount concerns.").

The US Supreme Court has held that a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S. Ct. 614, 623, 98 L. Ed. 2d 720 (1988). The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine. *Id.*

Here, Plaintiffs filed an Amended Complaint as a matter of course, pursuant to Rule 15, within 21 days of Removal and the filing of a Rule 12(b) Motion to Dismiss by Defendants. Plaintiff chose to remove the RICO claim in this matter based on the perceived merits of Defendants' Motion to Dismiss same. There are no remaining claims over which this Court would have original jurisdiction. All claims are Illinois state law claims. There has been little to no judicial investment in this case. The principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine weigh in favor of remanding this case back to the Circuit Court of St. Clair County, Illinois. Moreover, the State of Illinois' interest in applying its own law, along with the state court's greater expertise in applying state law, weigh in favor of relinquishment and remand to the state court.

Wherefore, Plaintiffs, by and through their attorneys, pray that this matter be remanded to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, and for such further relief as the Court deems just and proper.

DATED:  June 9, 2020

BY  /s Sean K. Cronin
　　　　SEAN K. CRONIN, #60375
　　　　Donovan Rose Nester, P.C.
　　　　15 N. Illinois Street
　　　　Belleville, Illinois  62220
　　　　scronin@drnpc.com
　　　　Phone: (618) 212-6500
　　　　Fax (618) 212-6501
　　　　**ATTORNEY FOR MIRROR FINISH PDR,
　　　　LLC AND WESLEY ADAM HUFF**

## PROOF OF SERVICE

I hereby certify that on June 9, 2020, I electronically filed Plaintiffs' Motion to Remand with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel of record:

Matthew J. Landwehr
Shaun C. Broeker
One US Bank Plaza
St. Louis, Missouri 63101
mlandwehr@thompsoncoburn.com
sbroeker@thompsoncoburn.com

**Attorneys for Defendants Cosmetic
Car Company Holdings. Inc., Cosmetic
Car Company, LLC, Midwest Dent
Company, Auto Dentician, Inc.,
Charles Daniel Binkley, Eric Stokes,
and Andy Clawson**

/s/ *Sean K. Cronin*