IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIRROR FINISH PDR, LLC, and WESLEY ADAM HUFF,<br><br>**Plaintiffs,**<br><br>v.<br><br>COSMETIC CAR COMPANY HOLDINGS, INC., COSMETIC CAR COMPANY, LLC, MIDWEST DENT COMPANY, AUTO DENTICIAN, INC., CHARLES DANIEL BINKLEY, ERIC STOKES, and ANDY CLAWSON,<br><br>**Defendants.** | Case No. 20-CV-00440-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Remand filed by Plaintiffs Mirror Finish PDR, LLC ("Mirror Finish") and Wesley Adam Huff ("Huff") (Doc. 19). For the reasons set forth below, this Court denies the motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Mirror Finish, Huff, and Defendants Cosmetic Car Company, Midwest Dent Company, Auto Dentician and their respective owners, Charles Daniel Binkley, Eric Stokes, and Andy Clawson entered into an agreement forming Carmed 45, LLC in January, 2012, to engage in providing Paintless Dent Removal ("PDR") services (Doc. 22-1 at 1–2). Huff and Mirror Finish signed the Carmed 45 operating agreement, which contained a non-compete and non-solicitation provision (*Id.* at 16–19). Huff allegedly resigned his interest in Carmed 45 in March 2015 and subsequently violated the

provisions against competition and solicitation (Doc. 22-3 at 3–4). Defendants in this lawsuit brought suit against Huff in the St. Louis County Circuit Court in February 2017 to enforce the provisions in the Carmed 45 operating agreement (*Id.* at 4). Judgment was entered against Huff on April 10, 2020 (*Id.* at 9–11).

On May 8, 2020, Huff and Mirror Finish filed suit against Defendants in the Circuit Court of St. Clair County, Illinois, alleging state law claims in Counts I–VI for unjust enrichment, fraud, breach of fiduciary duty, tortious interference with a contract, fraudulent inducement, and civil conspiracy stemming from a business arrangement between the parties to engage in PDR services (Doc. 1-1). Plaintiffs also alleged in Count VII that Defendants violated the federal Racketeer and Corrupt Organizations Act ("RICO") (*Id.* at 8–9).

On the basis of Count VII, the RICO claim, Defendants filed a Notice of Removal (Doc. 1) on May 12, 2020, removing the case filed by Plaintiffs in Illinois state court to this Court, based upon federal question jurisdiction. This Court also obtained supplemental jurisdiction over the state law claims, as they formed part of the same case or controversy as the RICO claim over which this Court has original jurisdiction (Doc. 1). Plaintiffs filed an Amended Complaint (Doc. 15) on June 1, 2020, dropping the RICO claim. Defendants then filed a Motion to Dismiss the Amended Complaint for failure to state a claim (Doc. 17) two days later.

Rather than respond to the motion to dismiss, Plaintiffs subsequently filed a Motion to Remand (Doc. 19), arguing for remand on the basis that a federal claim no longer existed and, therefore, the principles of economy, convenience, fairness, and

comity would be best served by remand to state court (*Id.* at 4). Defendants filed a timely response in opposition to the Motion to Remand (Doc. 22), advancing the argument that the principles of economy, convenience, fairness, and comity would be best served by this Court exercising its supplemental jurisdiction to keep this lawsuit to render a decision on Defendants' Motion to Dismiss.

## LEGAL STANDARD

There is a presumption in favor of remanding a case back to state court if all federal claims in a case drop out before trial. *See Al's Serv. Ctr. V. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010); *RWJ Mgmt. Co. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012). Although a presumption exists, the final resolution of the claim that supports a suit's presence in federal court does not necessitate remand. *Anderson v. Aon*, 614 F.3d 361, 364 (7th Cir. 2010). A district court "may retain jurisdiction under 28 U.S.C. § 1367(a), which says that federal courts 'have supplemental jurisdiction over all other claims that are so related to claims [within the original jurisdiction] that they form part of the same case or controversy.'" *Id.*; *see also Bailey v. City of Chicago*, 779 F.3d 689, 696 (7th Cir. 2015). In rebutting a presumption for remand, a district court must consider the balance of judicial economy, convenience, fairness, and comity in providing a good reason to exercise supplemental jurisdiction over remaining claims. *Wright v. Associated Ins. Co., Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994). The district court may consider the conduct of the parties in its balancing of the principles to determine whether these principles will be best served by maintaining supplemental jurisdiction to render a decision on pendent claims. *Anderson*, 614 F.3d at 365.

## ANALYSIS

Plaintiffs' suit filed in state court alleged in Count VII a violation of the RICO Act. To make this claim, Plaintiffs re-alleged and re-asserted the same portion of the complaint used to describe the conduct that formed the basis of Counts I–VI, the state law claims. There is no doubt, and Plaintiffs have put forward no argument otherwise, that Plaintiffs' state law claims arise from the same business arrangement and conduct underlying their RICO claim, so this Court has supplemental jurisdiction over the state law claims. *See Anderson v. Aon*, 614 F.3d 361, 364 (7th Cir. 2010) (citing *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009)).

Plaintiffs argue that the principles of economy, convenience, fairness, and comity are best served by remanding the remaining claims to state court. In considering these principles, however, the Court notes the conduct of the parties and pending claims before this Court. In *Anderson v. Aon*, the Seventh Circuit gave wide latitude to a district court to exercise its supplemental jurisdiction over state law claims when the plaintiff showed signs of "playing games." 614 F.3d at 365 (finding it proper for a district court to exercise its supplemental jurisdiction over state law claims to have them dismissed when the plaintiff had been "playing games" and "hectoring" the defendant). Here, a state court entered judgment against Plaintiff Huff less than one month before filing this suit. Additionally, and like the plaintiff in *Anderson*, the RICO claim, which served as the basis for Defendants to remove the case from state court, was voluntarily dropped soon after removal. Defendants have maintained that the suit was filed in retaliation for the judgment entered against Plaintiff Huff; to remand would serve to prolong the suit and

give Plaintiffs another shot on the pending claims.

With these factors in mind, the Court finds remand will serve only to needlessly prolong the proceedings; the balance of economy, convenience, fairness, and comity will be best served by this Court maintaining its supplemental jurisdiction over the state law claims to render a decision on Defendants' pending Motion to Dismiss. Accordingly, Plaintiffs' Motion to Remand is denied.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiffs' Motion to Remand (Doc. 19). Per the order from this Court dated June 30, 2020 (Doc. 21), Plaintiffs are reminded they have 14 days after the date of this decision to file their response to the Motion to Dismiss (Doc. 17).

**IT IS SO ORDERED.**

DATED:   August 7, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**