UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS

| | |
|---|---|
| MIRROR FINISH PDR, LLC, and <br> WESLEY ADAM HUFF <br><br> Plaintiffs, <br><br> vs. <br><br> COSMETIC CAR COMPANY <br> HOLDINGS, INC. COSMETIC CAR <br> COMPANY LLC; <br> MIDWEST DENT COMPANY; <br> AUTO DENTICIAN, INC., <br> CHARLES DANIEL BINKLEY, <br> ERIC STOKES and ANDY CLAWSON <br><br> Defendants. | Case No: 3:20-cv-00440 |

## RESPONSE TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO AMEND

Comes now Defendants, Mirror Finish PDR, LLC, and Wesley Adam Huff, by and through their attorneys Donovan Rose Nester P.C., and for their Response in Opposition to Defendants' Motion to Dismiss, or, in the Alternative, Motion to Leave to Amend pursuant to Rule 15, states as follows:

## INTRODUCTION/ALLEGATIONS

Plaintiffs filed their Complaint against Defendants in St. Clair County Circuit Court on March 30, 2020.[1]

---

[1] The state court Complaint was incorrectly and inadvertently file-stamped April 7, 2020. The Complaint was actually filed on March 30, 2020. The filing date has subsequently been corrected by the Circuit Clerk of St. Clair County. See Order of the Chief Judge for St. Clair County, Hon. Andrew Gleeson, of June 4, 2020, attached hereto as Exhibit A.

Defendants filed their Notice of Removal on May 12, 2020, pursuant to 28 U.S.C.A. 1331 and 1441, based on original jurisdiction.

Defendants filed a Motion to Dismiss Plaintiffs' Complaint on May 12, 2020.

Plaintiffs timely filed an Amended Complaint in this Court on June 1, 2020, pursuant to FRCP 15(a)(1)(B).

Plaintiffs' Amended Complaint alleges only Illinois state law claims.

None of Plaintiffs' claims are based on breach of a contract. All claims are Illinois tort claims or equitable claims.

On June 3, 2020, Defendants' filed a joint Motion to Dismiss ("Motion") based on a statute of limitations defense, *res judicata* and collateral estoppel, and various alleged pleading defects, pursuant to Rule 12(b)(6).

In their Motion, Defendants rely in large part on a Judgment that was entered in Missouri state court ("Missouri case") on April 10, 2020, purportedly based on a non-compete provision in a contract. Defendants confusingly, baselessly and repeatedly allege that this cause of action was filed in "retaliation" for said Judgment even though this cause of action was filed eleven (11) days prior to the entry of said Judgment.

That Judgment is currently on appeal in the Easter District of Missouri. See Notice of Appeal attached hereto as Exhibit B. Every aspect of said Judgment is under appeal, including liability, damages and almost every order entered in, and procedural aspect of, the case prior to Judgment.[2]

---

[2] As a few examples, that case was filed by an entity called Carmed 45, LLC, against Wesley Huff, Individually, as a breach of contract based on a purported non-compete clause in a contract. At the time of judgment, Plaintiff did not even have a complaint on file as it had been stricken by the Court for failure to comply with Court orders, which means there wasn't even a contract on file. Defendant Wesley Huff's pleadings were subsequently, and inexplicably, stricken despite having produced everything the court had ordered in discovery, without any specific findings as to why.

Defendant in said matter, Wesley Huff, submits that the chance of success on the merits of the Appeal are high given the numerous bases for appeal.

The Plaintiff in the Missouri case was Carmed 45, LLC. They are not a party to this action. None of the Defendants in this action were parties in the Missouri case.[3] Plaintiff, Mirror Finish, LLC, was not a party in the Missouri case.

Defendants' Motion includes multiple exhibits: Two purported contracts and a Judgment. Though the Missouri case was based on a purported Non-Compete Agreement, and Defendants argue Res Judicata in their Motion, there is no purported contract with a Non-Compete Agreement attached to their Motion in this matter. Neither of these documents are central to Plaintiff's Amended Complaint

The Defendant in the Missouri matter never had the opportunity to file any counterclaim(s) against Carmed 45, LLC, because he sought leave and the court denied leave to do so, without deliberation or explanation. At the time, Plaintiff had not had a complaint on file for over a year (and did not even have one on file at the time of Judgment). No depositions had ever been requested or

---

Wesley Huff, individually, was not even a party to the purported contract. The Court held a sham "trial" on damages wherein Defendant was not permitted to even cross-examine Plaintiff's witnesses, and was not permitted to put on its own evidence. One of Plaintiff's witnesses was actual attorney of record (same attorney entered herein for Defendants), who gave expert testimony based on documents he had himself created that were never previously produced to Defendant. The Plaintiff introduced all of Defendant's documents as exhibits in support of damages, despite having previously asked the Court to sanction Defendant for not producing said documents (which Defendant clearly produced). All of the discovery rulings stemmed from the appointment of a Special Master by the Court, *sue sponte*, that clearly violated the statute that narrowly limits when a Special Master may be appointed by the trial court in Missouri.

[3] Cosmetic Car Company, Midwest Dent Company LLC, and Auto Dentician attempted to be plaintiffs in the Missouri case and were dismissed by the Court. They did not appeal that dismissal.

taken. There was no scheduling order in place and the matter was not, and never had been, set for trial.

All of the activities alleged in Plaintiffs' Amended Complaint took place in Illinois. Wesley Huff resides in Illinois. Mirror Finish, LLC, operated almost exclusively in Illinois. Defendant Cosmetic Car Company, is an Illinois LLC with its principle place of business in Illinois.

For the reasons set forth below, Plaintiffs respectfully request that Defendants' Motion to Dismiss be denied in its entirety.

## ARGUMENT

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990). Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 540 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007)). To survive a Rule 12(b)(6) motion to dismiss, the complaint must only comply with Rule 8(a)'s Federal notice pleading standard by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed.R.Civ.P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley,* 420 F.3d 673, 677 (7th Cir.2005). Federal notice pleading requires only that the plaintiff "set

out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago,* 195 F.3d 950, 951 (7th Cir.1999).

The fact that Rule 12(e) of the civil rules authorizes the granting of a defendant's motion for a more definite statement indicates that a confusing pleading is not ordinarily a fatal defect. *Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005).

## I.   Choice of Law

Defendants claim in footnote 4, page 5, that Missouri substantive law applies in all respects in this matter pursuant to Exhibit A attached to their Motion, which is entitled an "Operating Agreement."

Plaintiffs' claims are all Illinois tort or equity claims and are not based on any contract. Moreover, Exhibits A and B are improper evidence attached to a Rule 12(b)(6) motion to dismiss and should therefore be stricken.[4] Regardless, the subject "choice of law provision" does not govern here. The subject provision merely provides: "Missouri law shall govern the company and this Operating Agreement." This narrowly tailored provision unquestionably does not extend the choice of law provision to Illinois tort and equitable claims. See *Medline Indus. Inc. v. Maersk Med. Ltd.,* 230 F. Supp. 2d 857, 863 (N.D. Ill. 2002).

In making choice of law determinations, Illinois courts now employ the "most significant relationship" analysis described in the Restatement (Second) of Conflicts. *Palmer v. Beverly*

---

[4] Alternatively, Defendants' Motion should be converted to a motion for summary judgment, and if the Court chooses to do so, Plaintiffs respectfully request that it should provide notice to the parties of same and permit Defendant to respond accordingly after the Motion has been converted.   *Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080–81 (7th Cir.1997).

*Enterprises,* 823 F.2d 1105, 1109–10, 1112 (7th Cir.1987). The presumption applied by Illinois courts is that the law of the state where the injury occurred applies in a tort case. *Nicholson v. Marine Corps W. Fed. Credit Union,* 953 F. Supp. 1012, 1016 (N.D. Ill. 1997). The 7th Circuit applies a torts analysis in an action that alleges fraud, or fraud related to a contract. *Id.* In applying said analysis, the Court considers:

> (a) the place where the injury occurred,
> (b) the place where the conduct causing the injury occurred,
> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
> (d) the place where the relationship, if any, between the parties is centered. *Id.*

Here, each and all of said factors weigh in favor of Illinois law. Plaintiffs allege that he operated almost exclusively in Illinois, he resides in Illinois, all communications took place in Illinois, the corporate headquarters of Cosmetic Car Company, the owner of the Carmedic trademark, is in Illinois. The relationship of the parties was centered in Illinois. Accordingly, the proper choice of law is Illinois law.

   Defendant also implies in footnote 3, of page 3, of its Motion that there is an enforceable Arbitration Clause. It is unclear why Defendant's mention this other than to provide a basis for more insults. Defendants have clearly waived this provision by not filing a motion to dismiss to enforce it. Moreover, if it were enforceable, Carmed 45, LLC, also ironically violated same when it filed suit in the Missouri action.

II. **Plaintiffs' Claims are not time-barred and Defendants' Motion to Dismiss should therefore be denied.**

As a threshold matter, Defendants arguments regarding statute of limitations are all based on Missouri law and are therefore inapplicable in this case for the reasons set forth above. Accordingly, they have failed to establish a basis for said defense and it should be denied.

Plaintiffs' Complaint was filed on March 30, 2020, not April 7, 2020, as set forth by Defendants in their Motion. As this is the primary basis for their argument, Defendants Motion should be denied for this reason alone. Plaintiffs indisputably filed this suit within 5 years of their resignation regarding their business interests with Defendants. While Plaintiffs acknowledge that Defendants could not have known this fact when they filed their Motion on June 3, 2020, (see Exhibit A hereto entered by the Circuit Court on June 4, 2020), they have known the official filing date since said Order was entered and have not amended their Motion accordingly.

Plaintiffs allege that Mirror Finish resigned its business relationship with the Defendants on March 31, 2015. Plaintiffs have alleged that they were not aware of Defendants' fraud until after his resignation. This is because, despite being told by all Defendants, for years, that he was "his own boss" and "was building his own business" and that his ownership interest in multiple corporate entities as set forth in the Amended Complaint had significant value, he was not told that his interest had no value until after his resignation. He received absolutely nothing as compensation for his time over the years or his purported valuable ownership interest. He could now know that all those prior promises and representations were fraudulent until he resigned and was told for the first time that he was to receive nothing.

He did not know that his former "partners" conspired to divide up the customers and revenue stream of his business entities amongst themselves, and transfer those assets and revenue to

other entities they owned, in an overt act of self-dealing that enriched themselves and resulted, at least according to them, in reducing the value of Plaintiffs' business interests to zero and depriving him completely of the value of his equity in those business interests that he had spent years cultivating. Plaintiffs allege that Defendants committed those acts after March 31, 2015.

Moreover, Plaintiff allege that they have valuable business interests in entities known as CM49, LLC, CM55, LLC, and CM53, LLC. Defendants have not addressed those interests in their Motion.

Plaintiffs allege that the tortious interference with contract also occurred after March 31, 2015. They allege that Defendant conspired to tortuously interfere with Plaintiff's business relationships with his clients and that they conspired to do that after he resigned on March 31, 2015. This scheme was literally described/admitted in the Third-Amended Petition filed in the Missouri action, which was not filed until July 19, 2018. Plaintiffs was not, and could not have been, aware of the scheme until said time.

For each and all of these reasons, Plaintiffs filed this suit within the applicable statute of limitations. The discovery rule is not necessary to make such a finding. However, the discovery rule would apply under Illinois law to toll the statute of limitations in this case, regardless. The Supreme Court of Illinois discussed in detail the discovery rule as it exists in Illinois in *Hermitage Corporation et al. v. Contractors Adjustment Co. et al.,* 166 Ill.2d 72, 209 Ill.Dec. 684, 651 N.E.2d 1132 (1995);

> "Literal application of the statute of limitations, however, sometimes produced harsh results, and in response, the discovery rule was developed. When the discovery rule is applied, it "delays the commencement of the relevant statute of limitations until the plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused." (*Jackson Jordan, Inc. v. Leydig, Voit & Mayer* (1994), 158 Ill.2d 240, 249, 198 Ill.Dec. 786, 633 N.E.2d 627.) This rule developed to avoid mechanical application of a statute of limitations in situations where an individual would be barred from suit before he

was aware that he was injured. This court first applied the rule in *Rozny v. Marnul* (1969), 43 Ill.2d 54, 250 N.E.2d 656." *Id.*

The Supreme Court of Illinois has further held "[t]he Code of Civil Procedure is to be construed liberally, to the end that controversies are determined based upon the substantive rights of the parties." *Superior Bank FSB v. Golding,* 152 Ill.2d 480, 486, 605 N.E.2d 514, 517, 178 Ill.Dec. 720, 723 (1992).

Here, Plaintiffs could not have possibly known that the value of their business interests would be diluted to zero buy the purposeful, tortious actions of their former business associates, until after they resigned from the business and they were informed they would get nothing. Accordingly. the discovery rule should apply to toll the statute of limitations until after Plaintiffs resigned.

For each and all of the aforementioned reasons, Defendants' Motion to Dismiss should be denied.  Alternatively, Plaintiffs respectfully request leave to amend to make a more definite statement regarding issues related to statutes of limitations.

### III. Plaintiffs' Claims are Not Estopped and Defendants' Motion to Dismiss should be denied.

Defendants seek dismissal of the entirety of both Plaintiffs' claims pursuant to the doctrine of *res judicata* and collateral estoppel.  For the reasons set forth below the Motion should be denied on both bases.  As Defendant suggests, Plaintiffs acknowledge that, for purposes of *res judicata*, this court should apply the rese judicata principles from the state where the prior alleged adjudication took place.

*Res judicata* is an affirmative defense for the defendant, see Fed. R. Civ. P. 8(c), and thus cannot be raised until a motion for judgment on the pleadings under Rule 12(c).  *Forty One News, Inc.*

*v. County of Lake*, 491 F.3d 662, 664 (7th Cir. 2007). Because it is an affirmative defense, dismissal under Rule 12(b)(6) is generally not appropriate. *Clark & Leland Condo., L.L.C. v. Northside Cmty. Bank*, 110 F. Supp. 3d 866, 868 (N.D. Ill. 2015); *see also* Fed. R. Civ. P. 8(c). "*Res judicata* is an affirmative defense that is not self-proving; evidence to support the defense must be adduced." *Lauber-Clayton, LLC v. Novus Properties Co.*, 407 S.W.3d 612, 617 (Mo. Ct. App. 2013). Because a determination of *res judicata* necessarily depends upon proof of the prior judgment, courts review the motion to dismiss under the same standards as a motion for summary judgment. *Spath v. Norris*, 281 S.W.3d 346, 349 (Mo. Ct. App. 2009). When the judgment and pleadings from another case are presented to and not excluded by the court, a motion to dismiss on *res judicata* or related grounds should be treated as one for summary judgment." *Id. Lomax v. Sewell*, 50 S.W.3d 804, 808 (Mo. Ct. App. 2001). Judicially noticeable facts create a "narrow exception" to the rule that a district judge may not consider extrinsic materials in deciding a Rule 12(b)(6) motion unless the judge provides notice to the parties and converts the motion to summary judgment. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir.1997).

Finality is critical to the application of preclusion doctrines. *Grede v. FCStone, LLC,* 867 F.3d 767, 778 (7th Cir. 2017). When a judgment is actively on appeal, it does not become final for purpose of preclusion until the appeal is resolved. *Atkinson v. Firuccia*, 567 S.W.3d 190, 195 (Mo. Ct. App. 2018), *reh'g and/or transfer denied (Dec. 13, 2018), transfer denied (Mar. 5, 2019)*. "It is clear that *res judicata* and collateral estoppel do not apply if a party moves the rendering court in the same proceeding to correct or modify its judgment." *Arizona v. California*, 460 U.S. 605, 619, 103 S. Ct. 1382, 1391, 75 L. Ed. 2d 318 (1983), *decision supplemented*, 466 U.S. 144, 104 S. Ct. 1900, 80 L. Ed. 2d 194 (1984). A judgment or decree final for the purposes of appeal is most certainly not final in the sense that it is conclusive on the parties until the losing party has failed to appeal within

the time allowed by law, or, having appealed, until the appeal is determined. *State ex rel Pryor v. Nelson*, 450 S.W.3d 811, 815 (Mo. Ct. App. 2014); *Robin Farms, Inc. v. Beeler,* 991 S.W.2d 182, 186 (Mo. Ct. App. 1999).

*Res judicata* is applicable upon "the concurrence of four elements: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or status of the person for or against whom the claim is made." *Romeo v. Jones,* 86 S.W.3d 428, 432 (Mo.App.2002); *Spath v. Norris*, 281 S.W.3d 346, 350 (Mo. Ct. App. 2009)

Here, there is absolutely no basis for barring Plaintiffs claims in this matter based on either *res judicata* or collateral estoppel. First, the Judgment Defendants rely on is currently on appeal. It is not final for purposes of estoppel as a matter of law. Defendant correctly point out that the purpose of estoppel rule is to protect individuals from the burden of litigating multiple lawsuits, to promote judicial economy, and to minimize the possibility of inconsistent decisions. *Xiaoyan Gu v. Da Hua Hu*, 447 S.W.3d 680, 687 (Mo. Ct. App. 2014). Here, any or all issues decided in the Missouri action may be overturned on appeal. If this Court were to decide any issues based on the principles of estoppel it would create an inconsistent decision if and when those issues decided in the Missouri case were overruled in the Missouri Appellate Court. It would certainly not promote judicial economy because then those issues would have to be revisited in this case, long after that decision had affected numerous other decisions in this matter such that the prejudice to parties and their claims and defenses may be incapable of repair. Accordingly, Defendants' Motion to Dismiss based on *res judicata* and collateral estoppel should be denied.

Carmed 45, the plaintiff in the Missouri case, is not a party to this lawsuit. Mirror Finish, one of the plaintiffs in this action, was not a party to the Missouri lawsuit. None of the Defendants in this case were parties to the Missouri lawsuit. Three of the Defendants had attempted to join as

plaintiffs in the Missouri case but were dismissed from the case as not having standing. Though Carmed 45 had leave to amend to add Mirror Finish in the Missouri case, they never did so. The Missouri case was based on one narrow claim: breach of contract for alleged violation of a non-compete clause. Though Defendants claim that is somehow identical to the Illinois tort and equity claims in this case, Defendants have not even attached the contract that includes the purported non-compete clause to their Motion to Dismiss in this matter. These claims are against non-parties to the Missouri action. These are all equitable or tort claims. There is no claim in this matter based on contract. None of the elements of the claims set forth in the Amended Complaint are the same as the single breach of contract claim in the Missouri suit. These case do not "arise out of the same group of operative facts." *Spath v. Norris*, 281 S.W.3d 346, 351–52 (Mo. Ct. App. 2009). Wesley Huff, one of the Plaintiffs in this case and the only party to this case who was actually a party to Missouri case, could not have filed Counterclaims against the Defendants in this case because they were not parties to the Missouri case. This issues presented in this case are factually and legally distinct from the narrow contract case in Missouri based on a non-compete clause. The cases involve different parties and different issues. See *Spath v. Norris*, 281 S.W.3d 346, 351–52 (Mo. Ct. App. 2009) where the court, ruling on the pleadings, found no basis for estoppel because the parties and the issues presented in the two cases were factually and legally distinct:

> "Based on the pleadings, we find no basis for collateral estoppel in this case because the issues presented are factually distinct from those in the prior litigation. *Polley,* 2 S.W.3d at 894. The City was sued in *Spath I* for negligent maintenance of the drainage system and other repair efforts, which occurred subsequent to the original construction. In *Spath II,* Norris and the Lindsays are being sued for breach of contract and warranties associated with the negligent design and construction of the dwelling, foundation, grading, drainage system, streets, and curbs. Clearly, the issues are not *identical."* *Id.*

"When two defendants are potentially liable for the same loss, the claims are considered separate and two suits can be maintained against the differing parties." *Id.* The prohibition against

splitting a cause of action does not apply where the parties are different. *Id.* Accordingly, here, there is not identity of the thing sued for, identity of the cause of action, identity of the persons or parties to the action or identity of the quality or status of the person for or against whom the claim is made." *Romeo v. Jones,* 86 S.W.3d 428, 432 (Mo.App.2002); *Spath v. Norris*, 281 S.W.3d 346, 350 (Mo. Ct. App. 2009). Defendant's Motion to Dismiss should therefore be denied.

Alternatively, as Defendants have attached three exhibits to their Motion, this Motion should be converted to a summary judgment motion and the court should notify the parties and grant Plaintiffs leave to respond to this as such. Defendants Motion, and its reference to the exhibits, is replete with evidentiary bases for its Motion to Dismiss. Many of the "facts" in support of its Motion are not even attached to its Motion, such as the purported non-compete provision which formed the entire basis of the Missouri case. See *page 10* of Motion to Dismiss. Moreover, see its complicated, and conclusory analysis regarding who is in privity with who without reference to admissible evidence that supports such claims. Accordingly, this Motion should be denied, or at the least converted to a motion for summary judgment. If it were ruled upon as such, it is clear that Defendants have failed to meet their burden to establish that there are no material questions of fact and that each Defendant is entitled to judgment as a matter of law as to each Plaintiff. If anything, a reading of Defendant's Motion reveals numerous questions of fact in this case. If anything, the Court would need more evidence to rule upon Defendants' estoppel defenses. Defendant has not even provided a copy of the complaint from the Missouri case[5] despite its insistence that the claims in the two cases are identical. As the Court noted in *Spath*, without the complaint, and other documents from the Missouri case, such as transcripts, and further insight into what proof might be

---

[5] There isn't one, Carmed 45's last iteration was stricken and they never filed another one

required in the instant action, the court would be speculating as to whether the parties may be collaterally estopped from relitigating certain factual matters decided in the prior lawsuit. *Spath v. Norris*, 281 S.W.3d 346, 352 (Mo. Ct. App. 2009). That is obviously the case with regard to providing sufficient evidence to support Defendant's affirmative defense of estoppel, even if there were a final judgment in Missouri, which there is not.

Accordingly, for each and all of the reasons set forth herein, Defendant's Motion to Dismiss should be denied.

### IV. Defendant's Motion to Dismiss Count I of Plaintiffs' Complaint for Unjust Enrichment should be denied.

As a threshold matter, Defendants' arguments regarding the unjust enrichment claim is based on Missouri law and are therefore inapplicable in this case for the reasons set forth above. Accordingly, they have failed to establish a basis for said defense and it should be denied.

"Unjust enrichment is a 'quasi-contract' theory that permits courts to imply the existence of a contract where none exists in order to prevent unjust results." *Prudential Ins. Co. of Am. v. Clark Consulting, Inc.*, 548 F. Supp. 2d 619, 622 (N.D. Ill. 2008). Generally, Illinois does not permit *recovery* under an unjust enrichment claim when an express contract, oral or written, governs the parties' relationship, unless the claim falls outside the subject matter of the contract. *Util. Audit, Inc. v. Horace Mann Serv. Corp.*, 383 F.3d 683, 688–89 (7th Cir. 2004) (applying Illinois law). However, a party may make an unjust enrichment claim in the alternative to a breach of contract claim if the party demonstrates that the claim is brought in the alternative and does not refer to an express contract governing the parties' relationship. *Grayson v. Shanahan*, 16-CV-1297, 2016 WL 6962827, at *3 (N.D. Ill. Nov. 29, 2016).

Here, Plaintiff expressly pleads that there is not an enforceable contract that governs the relationship of the parties. The claim for unjust enrichment is therefore pled in the alternative to a breach of contract because Plaintiffs allege there is no enforceable contract. Accordingly, Defendants' Motion to Dismiss should be denied.

### V.  Defendant's Motion to Dismiss Count II of Plaintiffs' Complaint for Breach of Fiduciary Duty should be denied.

As a threshold matter, Defendants arguments regarding the Breach of Fiduciary duty claim is based on Missouri law and are therefore inapplicable in this case for the reasons set forth above. Accordingly, they have failed to establish a basis for said defense and it should be denied.

Defendants seem to acknowledge that Cosmetic Car Company and Daniel Binkley owe Plaintiffs a fiduciary duty.

Accordingly, Defendants' Motion to Dismiss should be denied.

### VI.  Defendant's Motion to Dismiss Count III of Plaintiffs' Complaint for Tortious Interference should be denied.

As a threshold matter, Defendants' arguments regarding the Tortious Interference claim is based on Missouri law and are therefore inapplicable in this case for the reasons set forth above. Accordingly, they have failed to establish a basis for said defense and it should be denied.

The tortious interference claim is only against the individual defendants. The individual defendants are not members of Carmed 45, LLC. They are not members of the other entities in which Plaintiffs' claim an interest. Defendant argues without citation to authority, and based on the language of the Carmed 45, LLC, operating agreement (which Plaintiffs allege is void and unenforceable) that the member LLC, *and* the individuals are somehow both members and share the

same interest.  This is not how it works.  Either the individuals are the members, or they were signing the operating agreement as agents of the LLC members.  Regardless, these are clearly questions of fact and not appropriate for a Motion to Dismiss.

Accordingly, Defendants' Motion to Dismiss should be denied.

### VII. Defendant's Motion to Dismiss Count IV of Plaintiffs' Complaint for Fraudulent Inducement should be denied.

As a threshold matter, Defendants' arguments regarding the Fraudulent Inducement claim is based on Missouri law and are therefore inapplicable in this case for the reasons set forth above.  Accordingly, they have failed to establish a basis for said defense and it should be denied.

Defendant again conflates the purported Operating Agreement, which Plaintiffs claim is void and unenforceable, with being a member of an LLC and being entitled to profits and assets as part of a business arrangement.  The member of an LLC is still entitled to his/her share of profits and equity regardless of whether there is an operating agreement, at all, or whether the operating agreement turns out to be void.  The relationship between the members is then governed by statute.  Additionally, one can certainly be fraudulently induced to enter into a business arrangement and that business arrangement can ultimately be set forth in a contract that is ultimately null and void, and was itself a fraud.  That does not mean that the one fraudulently induced does not have damages.  This is a tort, separate and distinct from a claim for breach of contract.  It is also Plaintiffs' claim that the Defendants fraudulently never intended to honor the terms of the business arrangement.  Fraudulent inducement is a form of common-law fraud, not a contractual claim.  *Avon Hardware Co. v. Ace Hardware Corp.*, 2013 IL App (1st) 130750, ¶ 15, 998 N.E.2d 1281, 1287.

## VIII. Defendant's Motion to Dismiss Count V of Plaintiffs' Complaint for Conspiracy should be denied.

As a threshold matter, Defendants arguments regarding the Civil Conspiracy claim is based on Missouri law and are therefore inapplicable in this case for the reasons set forth above. Accordingly, they have failed to establish a basis for said defense and it should be denied.

"Illinois recognizes civil conspiracy as a distinct cause of action." *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 486, 230 Ill.Dec. 229, 693 N.E.2d 358 (1998). Civil conspiracy is defined as a combination of two or more persons for the purpose of accomplishing, by some concerted action, either an unlawful purpose or a lawful purpose by unlawful means. *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill. 2d 102, 133, 241 Ill.Dec. 787, 720 N.E.2d 242 (1999). "The function of a [civil] conspiracy claim is to extend liability in tort beyond the active wrongdoer to those who have merely planned, assisted or encouraged the wrongdoer's acts." *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 62, 206 Ill.Dec. 636, 645 N.E.2d 888 (1994).

Defendants argue that this claim should be dismissed because Plaintiffs have failed to allege an underlying tort. That is not required in Illinois. Regardless, Plaintiffs have alleged numerous other torts and alleged that the Defendants conspired to commit them. It is not surprising that Defendants all share the same lawyer though it would seem there should be conflicts amongst them with regard to this litigation. Plaintiffs have adequately pled a cause of action of civil conspiracy in Illinois and Defendants' Motion should therefore be dismissed.

### IX. Defendant's Motion to Dismiss All Counts of Plaintiffs' Complaint for Failure to Plead With Particularity should be denied.

Defendant seeks dismissal of all counts for failure to plead with particularity. Plaintiff asserts that they have alleged with particularity that the conspired to fraudulently induce Plaintiffs to enter into a business arrangement, which he participated in for many years, with overt promises that he would own, and be building, his own business, and that he would have a vested and valuable ownership interest in. He was told that he was only limited by how hard he was willing to work. Plaintiffs allege that he was told this by each of the Defendants prior to entering into the business relationship. He alleges that the purpose of the scheme was to induce him into providing labor and growing a division of Defendants business for their benefit, with full knowledge that he would not receive what they induced him to believe was the benefit of the bargain. He has alleged that when he decided to resign he expected to receive his interest in the business(es) which he believed to have substantial value, as he was told they would and did. When he resigned he received nothing. He was told his interest in the business he built for Defendants had no value. They then explained in a pleading that the reason the businesses had no value was that upon Plaintiff's resignation the Defendants divided the businesses assets and customers upon amongst themselves to dilute the value of the entities in which Plaintiff's had a business to nothing, so that he would get nothing. There is no dispute Plaintiffs got nothing and no dispute Defendants took it all. Plaintiffs allege that was always Defendants' plan and it was deliberately concealed from them.

Plaintiffs purport that these allegations are sufficiently pled. It would be impossible for Plaintiffs to know more at this point without further investigation. Plaintiffs have alleged the who, what, when, where and why and Defendant's Motion to Dismiss should be denied.

Alternatively, Plaintiffs respectfully request leave to amend their Complaint in order to plead with more specificity. Plaintiff Wes Huff has literally been deprived of everything he worked for, for years. He is the primary breadwinner in a working class family. He was used and taken advantage of with deliberate misrepresentations for years. Everything he worked for was divided up and taken by his purported business partners without any due process, in the dark, until it was ultimately revealed years later. It would result in manifest injustice if he were deprived of his day in court. Defendant's Motion to Dismiss should be dismissed in its entirety, and/or Plaintiff respectfully requests leave to amend.

Plaintiffs request a hearing on this motion, presumably via telephone or Zoom, if the Court deems it appropriate.

Wherefore, Plaintiffs, by and through their attorneys, pray that Defendants' Motion to Dismiss be denied in its entirety, that Plaintiffs alternatively be granted leave to amend, for a hearing on this Motion and for such further relief as the Court deems just and proper.

DATED: August 21, 2020

BY /s Sean K. Cronin
SEAN K. CRONIN, #60375
Donovan Rose Nester, P.C.
15 N. Illinois Street
Belleville, Illinois  62220
scronin@drnpc.com
Phone: (618) 212-6500
Fax (618) 212-6501
**ATTORNEY FOR MIRROR FINISH PDR, LLC AND WESLEY ADAM HUFF**

## **PROOF OF SERVICE**

      I hereby certify that on August 21, 2020, I electronically filed Plaintiffs' Motion to Remand with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel of record:

Matthew J. Landwehr
Shaun C. Broeker
One US Bank Plaza
St. Louis, Missouri 63101
mlandwehr@thompsoncoburn.com
sbroeker@thompsoncoburn.com

**Attorneys for Defendants Cosmetic Car Company Holdings. Inc., Cosmetic Car Company, LLC, Midwest Dent Company, Auto Dentician, Inc., Charles Daniel Binkley, Eric Stokes, and Andy Clawson**

                                              */s/ Sean K. Cronin*