## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS

| | | |
|---|---|---|
| MIRROR FINISH PDR, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 3:20-cv-00440 |
| vs. | ) | |
| | ) | |
| COSMETIC CAR COMPANY | ) | |
| HOLDINGS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendants Cosmetic Car Company Holdings, Inc., Cosmetic Car Company, LLC, Midwest Dent Company, Auto Dentician, Inc., Charles Daniel Binkley, Eric Stokes, and Andy Clawson, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully request that the Court grant this Motion to Dismiss Plaintiffs Wesley Huff and Mirror Finish PDR, LLC's Second Amended Complaint ("SAC").  In support, Defendants state:

1.      On April 7, 2020, Plaintiffs filed this lawsuit against Defendants alleging claims for unjust enrichment, fraud, breach of fiduciary duty, fraudulent inducement, tortious interference with a contract, civil conspiracy, and violation of the Racketeer Influenced and Corrupt Organization Act ("RICO") in the Circuit Court of St. Clair County, Illinois, which Defendants removed to this Court on May 12, 2020.

2.      On June 1, 2020, Plaintiffs filed the First Amended Complaint ("FAC") dropping the RICO claim but did not make any attempt *whatsoever* to correct the pleadings factual and legal deficiencies.  Essentially, Plaintiffs decided to "double down" on their claims despite it being absolutely clear that those claims fail as a matter of law.

3.     Following a Rule 12(b)(6) request to dismiss the FAC filed by Defendants (Dkt. 18), the Court entered an order on January 15, 2021 dismissing the FAC with prejudice because Plaintiffs failed to plead with the specificity required by Rule 9(b) the "'who, what, when, where and how' the alleged fraud and misrepresentation occurred."  Dkt. 31 [Order], at 20.

4.     On February 5, 2021, Plaintiffs filed the SAC.  Despite being given a third bite at the pleading apple, Plaintiffs' SAC still fails to sufficiently provide the "who, what, when, where and how" as required by the Court's Order and by Fed. R. Civ. P. 9(b).

5.     There is no doubt that Plaintiffs filed this frivolous lawsuit in retaliation for the lawsuit filed by Defendants Cosmetic Car Company, Midwest Dent Company, Auto Dentician along with Carmed 45, LLC against Huff in the Circuit Court of St. Louis County, Missouri in February 2017 for Huff's violation of the non-compete and non-solicitation provision in the Operating Agreement (the "Non-Compete Lawsuit").

6.     Throughout the entire Non-Compete Lawsuit, Huff attempted to hide his non-compete violations by filing numerous motions and violating multiple court orders.  This led to the court sanctioning Huff *twice*.  Nearly a year ago now, the Honorable Ellen Ribaudo entered a judgment against Huff for more than $700,000 that also enjoins him from engaging in PDR services in the St. Louis metropolitan area.

7.     Ignoring the retaliatory nature of this lawsuit, the SAC remains poorly pled. However, it can be adduced from Plaintiffs' conclusory allegations that while a member of Carmed 45, Defendants engaged in purportedly fraudulent and/or unlawful acts that damaged Plaintiffs membership interest or value in Carmed 45, LLC.  This "constructively forced" Plaintiffs to resign from Carmed 45 on March 31, 2015.

- 2 -

8.      As the Court has already held, all Plaintiffs claims "sound in fraud" so they are subject to the heightened pleadings standards set forth in Fed. R. Civ. P. 9(b) which requires them to plead the "who, what, when, where, and how."   Dkt. 31 [Order], at 20.   *See also Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) ("A claim that 'sounds in fraud' — in other words, one that is premised upon a course of fraudulent conduct— can implicate Rule 9(b)'s heightened pleading requirements.").

9.      Plaintiffs' claims fail *collectively* because they (1) do not meet the Rule 9(b) pleading standards, (2) are time barred based on the face of the SAC, and (3) do not meet the Rule 9(f) pleading standards necessary to invoke the "discovery" rule to save their claims from being time barred.

10.     Plaintiffs' claims fail *independently* for the following reasons:

a.      The unjust enrichment claim (Count I) fails because (1) the allegations added in the SAC now clearly establish that this claim is unequivocally based on a written contract, and (2) Plaintiffs failed to make sufficient allegations to satisfy the necessary elements for an unjust enrichment, including the identity of the "third party" who "mistakenly" gave Defendants the benefit that allegedly belonged to Plaintiffs;

b.      The breach of fiduciary duty claim (Count III) should be dismissed because Plaintiffs make no allegations *at all* to support this claim other than restating the legal elements;

c.      The fraud claim (Count II) and fraudulent inducement claim (Count V) are premised on a written contract that Plaintiffs had an obligation to read, and as such, Plaintiffs are precluded as a matter of law from now claiming to

have relied on the alleged oral misrepresentations that contradict those contractual terms;

d.   The civil conspiracy claim (Count VI) should be dismissed for lack of an underlying tort and because it fails under the intra-corporate conspiracy doctrine.

11.   Defendants also request the Court to award them attorneys' fees pursuant to Section 10.10 of the Operating Agreement.

12.   For these reasons, and those described more fully in Defendants' Memorandum in Support filed contemporaneously herewith, the Court should grant Defendants' Motion to Dismiss the Second Amended Complaint.

WHEREFORE Defendants Cosmetic Car Company Holdings, Inc., Cosmetic Car Company, LLC, Midwest Dent Company, Auto Dentician, Inc., Charles Daniel Binkley, Eric Stokes, and Andy Clawson respectfully request the Court dismiss with prejudice Plaintiffs Mirror Finish PDR, LLC and Wesley Huff's Second Amended Complaint (Counts I-V), award Defendants their attorneys' fees pursuant to Section 10.10 of the Operating Agreement, and award such further relief as this Court deems just and proper.

Respectfully Submitted,

**THOMPSON COBURN LLP**

By:  /s/ Shaun C. Broeker
      Matthew J. Landwehr, #6280426
      Shaun C. Broeker, #6315231
      One US Bank Plaza
      St. Louis, Missouri 63101
      314-552-6000
      314-552-7000 (facsimile)
      mlandwehr@thompsoncoburn.com
      sbroeker@thompsoncoburn.com

*Attorneys for Defendants Cosmetic Car Company Holdings, Inc., Cosmetic Car Company, LLC, Midwest Dent Company, Auto Dentician, Inc., Charles Daniel Binkley, Eric Stokes, and Andy Clawson*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 5th day of March 2021, the foregoing was served on the following via the Court's electronic filing system:

Sean K. Cronin
Donovan Rose Nester, P.C.
15 N. Illinois Street
Belleville, Illinois 62220
scronin@drnpc.com
(618) 212-6500

*Attorney for Plaintiffs Mirror Finish PDR, LLC and*
*Wesley Huff*

/s/ Shaun C. Broeker